IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

COMMUNITY BANK, DESOTO COUNTY                                              PLAINTIFF

v.                                                                  CIVIL ACTION NO.2:02CV251-P-B

MARTIN E. COOPER, JR., ET AL.                                              DEFENDANT

v.

MARK BARTLETT                                                  THIRD PARTY DEFENDANT

## **ORDER**

On February 3, 2006, the defendants moved this court to extend its time to respond to certain motions, re-open the period for amending pleadings, and re-open discovery [102] based upon their previous failure to respond to the plaintiff's motions to quash [83, 85] and five motions *in limine* plus the defendants' belief "that there is documentation and evidence in the possession of [non-party] Bancorp South and Community Bank which are relevant to the issues raised in this case."[1] (Def.s' Mot. at 2.) Defendants further allege that the plaintiff would not be prejudiced by an extension of all deadlines, a point which the plaintiff vehemently disputes.

The final pretrial conference in this matter was held on June 22, 2005, before the U.S. Magistrate Judge, and the pretrial order was signed by the undersigned on July 22, 2005. The previous trial date in this matter was set for February 6, 2006, in Greenville, Mississippi, which was subsequently re-set for August 21, 2006, in Oxford, Mississippi, based upon the plaintiff's motion to modify the trial date based upon, among other things, the convenience of the parties and witnesses.

---

[1] Defendants did not further elaborate upon their statement concerning the alleged existence of relevant evidence. The court assumes that this documentation is that which the defendants subpoenaed and is now the subject of the plaintiff's motion to quash.

The court finds that this matter is ripe for trial – not for discovery, much less another opportunity to amend the pleadings. Quite simply, this court will not displace an action that should be ready for trial and re-place it at the initial phases of litigation based solely on the facts that the defendants (1) chose to issue subpoenas outside of discovery and after the final pretrial conference, (2) failed to respond to the plaintiff's motions to quash and motions *in limine* in accordance with the Local Rules and (3) set forth an unsubstantiated, unexplained "belief" that the plaintiff and a non-party possess relevant documentation and evidence. These facts do not establish the requisite good cause. Based upon the posture of this action and the defendants failure to establish good cause, the motion should be denied.

It is, therefore,

**ORDERED:**

Defendants' motion to re-open discovery [102-1] is DENIED.

THIS, the 9th day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE